**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
USHA PERSAUD,

                     Plaintiff,

   -against-


AIRWAY CLEANERS, LLC,
PAUL REINOLD,
FREDERICK CATANESE JR,
RICHARD HERNANDEZ,
and SAMMY GONZALEZ,



                Defendants.

-------------------------------------------------------------------X

Civil Case No:

**COMPLAINT**

**Plaintiff Demand a
Trial by Jury**

## NATURE OF CASE

1. Plaintiff USHA PERSAUD (hereinafter referred to as "Plaintiff" and/or "PERSAUD")

complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et

seq. ("Title VII"), 42 U.S.C. § 1981 ("1981"), New York State Executive Law, and the New

York City Administrative Code, and seeks damages to redress the injuries Plaintiff suffered as a

result of being exposed to a hostile work environment, gender discrimination, national original

discrimination, racial discrimination, and retaliation.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction over the Title VII and 1981 claim pursuant to 28

U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the related New York State and New York City law causes of action asserted in this complaint pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because the events or omissions which gave rise to the claims asserted herein occurred within this Court's jurisdiction.

5. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

6. At all times material, Plaintiff was and is an individual female who is a citizen of the State of New York, Queens County.

7. At all times material, Defendant AIRWAY CLEANERS, LLC, (hereinafter referred to as "AIRWAY CLEANERS") was and is a domestic limited liability company duly existing by the virtue and laws of the State of New York, authorized to do business in the State of New York.

8. At all times material, Defendant PAUL REINOLD ("REINOLD") was and is an individual male who is believed to be AIRWAY CLEANERS' General Manager and Supervisor.

9. At all times material, Defendant FREDERICK CATANESE JR. ("CATANESE") was and is an individual male who is believed to be the Owner and President of AIRWAY CLEANERS.

10. At all times material, Defendant RICHARD HERNANDEZ ("HERNANDEZ") was and is an individual male who is believed to be an AIRWAY CLEANERS' employee.

11. At all times material, Defendant SAMMY GONZALEZ ("GONZALEZ") was and is an individual male who is believed to an AIRWAY CLEANERS' supervisor.

12. The above named corporate and individual Defendants hereinafter referred to collectively as

"Defendants."

## STATEMENT OF FACTS

13. At all times material, Plaintiff is an individual female of Guyanese decent.

14. In or around 2012, Plaintiff migrated to the United States.

15. In or around June of 2013, Defendants hired Plaintiff as a "Blue Shirt" Cleaner.

16. At all times material, DARREN MCMANN ("MCMANN") was and is Plaintiff's immediate supervisor.

17. In or around 2016, Defendants' Supervisor GONZALEZ began to repeatedly tell Plaintiff, among other things, "Fuck you, nigger" and "What's up, nigger?" Plaintiff was shocked and hurt by GONZALEZ's discriminatory language.

18. Immediately after being called a "nigger," Plaintiff reported Defendants' Supervisor GONZALEZ's comments to Defendants' Supervisor MCMANN. MCMANN professed he was ill equipped to handle work-place harassment. Thereafter, Defendants took no reasonable or immediate action to help end the harassment.

19. In or around 2016, Defendants' Supervisor GONZALEZ began to ask Plaintiff, among other things, to have sex with him.

20. Immediately after Defendants' Supervisor GONZALEZ's inappropriate request, Plaintiff reported the comments to Defendants' Supervisor MCMANN. Thereafter, Defendants took no reasonable or immediate action to help combat the hostile work environment.

21. In or around 2016, Defendants' employee "PABLO" witnessed Defendants' Supervisor GONZALEZ make sexual gestures and lewd comments to Plaintiff.

22. In or around 2016, Defendants' Supervisor GONZALEZ followed Plaintiff into Defendants' storage room known as "the Cage." Within, GONZALEZ began to stroke boxes and hump boxes while making moaning and kissing sounds. As he simulated sexual intercourse on the boxes, GONZALEZ told Plaintiff "This is how I'm going to fuck you." GONZALEZ continued to tell Plaintiff, among other things, "I'll hoist you up." GONZALEZ then lifted a box in the air and stated "that's how I'll do you."

23. Immediately thereafter, Plaintiff reported Defendants' Supervisor GONZALEZ's unlawful activity to Defendants' Supervisor MCMANN. MCMANN told Plaintiff, "I don't have much sexual harassment training. I'll send it off to [Defendants' General Manager REINOLD]."

24. Thereafter, Plaintiff called Defendants' General Manager REINOLD to report the incident. Thereafter, REINOLD took no reasonable or immediate action to help end the on-going harassment.

25. The very next day, Defendants' Supervisor GONZALEZ approached Plaintiff and screamed "Fuck you!"

26. In or around 2016, Defendants' General Manager REINOLD began to call Plaintiff "sweetheart." REINOLD began to, among other things, give Plaintiff unwanted hugs and kisses. Plaintiff continuously complained to Defendants' Supervisor MCMANN about the unwanted comments and touching.

27. In or around 2016, Defendants' Supervisor GONZALEZ confronted Plaintiff as she was changing shifts. GONZALEZ told Plaintiff, among other things, "Once you fuck me, you will never leave me." Plaintiff, uncomfortable and disgusted, reported GONZALEZ to Defendants' Supervisor MCMANN. Once again, no immediate or disciplinary action was taken.

28. In or around 2016, Defendants' Supervisor GONZALEZ told Plaintiff, "Once I'm done with you, you're going to lose your jacket."[1] Plaintiff, hurt by GONZALEZ's threat, called Defendants' Owner CATANESE and Defendants' General Manager REINOLD to report GONZALEZ. Again, no corrective or immediate action was taken.

29. In or around 2016, Defendants' Supervisor GONZALEZ told Plaintiff, "You don't want me. You only want older guys."

30. Immediately thereafter, Plaintiff reported Defendants' Supervisor GONZALEZ's comments to Defendants' Supervisor MCMANN. Again, nothing was done.

31. In or around 2016, Defendants' employee RICHARD HERNANDEZ ("HERNANDEZ") began to, on an almost daily basis, ask Plaintiff to have sex with him. Additionally, HERNANDEZ would tell Plaintiff, among other things, "I love you," "I love the way you walk," and "I like the way the radio hangs on your pocket."

32. In or around 2016, Plaintiff reported Defendant HERNANDEZ's comments to Defendants' General Manager REINOLD. Predictably, no reasonable or immediate action was ever taken.

33. In or around 2016, Defendant HERNANDEZ became increasingly physical with Plaintiff. HERNANDEZ began to touch Plaintiff's back and shoulders. Plaintiff made it clear to Defendant HERNANDEZ that his constant touching was unwanted and unwelcomed. Despite her instructions, Defendant HERNANDEZ continued to touch Plaintiff inappropriately.

34. Plaintiff continued to report every unlawful incident that took place to Defendants' Supervisor MCMANN. Despite her constant complaints, no action was ever taken.

---

[1] At all times material, Defendants' employees wore position-specific jackets.

35. In or around 2016, Defendant HERNANDEZ started to grab Plaintiff's butt. Plaintiff demanded HERNANDEZ stop grabbing her butt. Defendant HERNANDEZ did not respect Plaintiff's demands and continued to grope Plaintiff at work.

36. Immediately after Defendant HERNANDEZ grabbed Plaintiff's butt, Plaintiff reported the incident to Defendants' General Manager REINOLD. Once again, nothing was done.

37. On or about July 17, 2016, Defendants' Supervisor GONZALEZ wrote "Mine Sammy" [indicating that Plaintiff was GONZALEZ's property] on Plaintiff's locker. Plaintiff was hurt and confused by the writing on her locker.

38. Throughout 2016, Defendants' Supervisor GONZALEZ would tell Plaintiff, among other things, "Go back to Guyana!" and "Go back to your country!"

39. Plaintiff reported these discriminatory comments to Defendants' Supervisor MCMANN. Again, nothing was done to help rectify the on-going hostile work environment.

40. In or around December of 2016, Defendants' Supervisor GONZALEZ told Plaintiff "Trump will send you back to your country!" and "If we can't get rid of you, Trump will!"

41. In or around January of 2017, Defendants' employees put a "Trump" sticker on Plaintiff's locker.

42. Immediately thereafter, Plaintiff reported the sticker and comments to Defendants' General Manager REINOLD. Once again, nothing was done.

43. On or about January 31, 2017, Defendants employees taped a bloody menstrual pad to Plaintiff's locker.

44. Plaintiff – who was hurt, disgusted and appalled – reported this lewd action directly to

Defendants' Owner CATANESE.

45. Defendants' Owner CATANESE told Plaintiff that he would look at the security camera footage to find out who was behind the disgusting act.

46. Though Defendants' Owner CATANESE promised to address the situation, no immediate or reasonable action was taken to combat the on-going discrimination.

47. At all times material, Defendants' security cameras overlooked Plaintiff's locker.

48. Thereafter, Defendants' Owner CATANESE never followed up with Plaintiff on the matter and nothing was done to help end Defendants' discriminatory environment.

49. Throughout 2017, Defendants' Supervisor GONZALEZ continued to call Plaintiff a "nigger," and continued to ask to have sex with her.

50. Throughout 2017, Defendant HERNANDEZ continued to grab Plaintiff inappropriately and against Plaintiff's wishes.

51. On or about April 17, 2017, Defendants' Supervisor ISABELL COLON ("COLON") terminated Plaintiff. Defendants, in an attempt to absolve themselves of liability, concocted a false, illegitimate reason for terminating Plaintiff.

52. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

53. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

54. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

55. At a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

56. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

57. Plaintiff hereby demands reinstatement.

58. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

### AS A FIRST CAUSE OF ACTION
### DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. Title VII states in relevant part as follows:

"(a) Employer practices:

It shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

61. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the

unlawful employment practices of the above named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex, national origin, and race, together with hostile work environment.

62.  Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein because of Plaintiff's sex, national origin, and race.

**AS A SECOND CAUSE OF ACTION FOR**
**DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

65. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

**AS A THIRD CAUSE OF**
**ACTION UNDER STATE LAW**

## DISCRIMINATION

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this amended complaint as if set forth herein more fully at length.

67. New York State Executive Law § 296 provides that: "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

68. Defendants violated the section cited herein by terminating, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, race, and national origin.

### AS A FOURTH CAUSE OF
### ACTION UNDER STATE LAW
### AIDING & ABETTING

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

71. Defendants participated in, aided, abetted, and encouraged Defendants' employee to unlawfully harass and retaliate against Plaintiff.

72. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF
## ACTION UNDER STATE LAW
## RETALIATION

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

74. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

75. As a direct consequence of Plaintiff reporting discrimination in the workplace, Defendants unlawfully retaliated against Plaintiff by materially altering her terms and conditions of employment and ultimately terminating Plaintiff. Defendants violated the section cited herein as set forth.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

77. The Administrative Code of the City of New York § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such

person in compensation or in terms, conditions or privileges of employment."

78. Defendants engaged in an unlawful discriminatory practice and violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her gender, race, national origin, together with harassment and hostile work environment based on the same.

79. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New York City Administrative Code Title 8.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

82. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

83. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(e) by discriminating and retaliating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

84. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

86. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

87. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

88. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A NINTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

89. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Amended Complaint as if set forth herein more fully at length.

90. New York City Administrative Code Title 8-107(19) provides that: "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

91. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

92. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Amended Complaint as if set forth herein more fully at length.

93. New York City Administrative Code Title 8-107(13)(b) provides that: "An employer shall be

liable for an unlawful discriminatory practice based upon the conduct of an employee or agent

which is in violation of subdivision one or two of this section only where; (i) the employee or agent

exercised managerial or supervisory responsibility; (ii) the employer knew of the employee's or

agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and

appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or

agent's discriminatory conduct where that conduct was known by another employee or agent who

exercised managerial or supervisory responsibility; or the employer should have known of the

employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent

such discriminatory conduct."

94.  Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN ELEVENTH CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. SECTION 1981

95. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Amended Complaint as if set forth herein more fully at length.

96. 42 U.S.C.A. Section 1981 states in relevant part as follows:  "Statement of equal rights. All

persons within the jurisdiction of the United States shall have the same right in every State and

Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and

equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981.

97. By the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens, to the creation, performance, enjoyment, and all benefits and privileges of their employment relationship with Defendants, in violation of 42 U.S.C. §1981.

98. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of his employment which provided substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

99. Defendants violated the above and Plaintiff suffered numerous damages as a result.


**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful

employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: New York, New York
      January 19, 2018

 

                            **DEREK SMITH LAW GROUP, PLLC**
                            *Attorneys for Plaintiff*

By: _____
                     Alexander G. Cabeceiras, Esq.
                     One Penn Plaza, Suite 4905
                     New York, NY 10119